**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| Clark Bush and Doris Bush, ) | District Court Action No.: 6:19-cv-00292-DCC |
| ) | |
| Plaintiffs, ) | **COMPLAINT** |
| ) | **(Jury Trial Demanded)** |
| ) | |
| v. ) | |
| ) | |
| United States of America, ) | |
| ) | |
| Defendant. ) | |
| ) | |

That the Plaintiffs, above named, complaining of the Defendant herein would respectfully show unto this Court as follows:

## GENERAL ALLEGATIONS

I.

That the Plaintiffs are citizens and residents of the County of Greenville, State of South Carolina.

II.

That the Defendant United States Postal Service was at all times herein doing business in processing mail at various office locations and is a governmental agency established by the United States of America. The United States Postal Service conducts and transacts business throughout the State of South Carolina and maintains post office buildings throughout the state of South Carolina. At all times relevant herein, The United States Postal Service was in the business of operating an office location in Simpsonville, South Carolina. The United States Postal Service conducts business, owns and maintains

1

property, and serves customers. All references to the Defendant herein include its agents, servants, employees or others who acted in response to Defendant's express or implied directives, for which Defendant is directly and vicariously liable.

III.

That jurisdiction is proper under 28 U.S.C. 1346. Further, this action is brought in accordance with 28 U.S.C. 2674.

IV.

That on or about July 25, 2017, the Plaintiff, Clark Bush, entered a post office location at 634 NE Main Street in Simpsonville, SC 29681, which is operated by The United States Postal Service. That the Plaintiff, Clark Bush, was at the facility to conduct as a customer and user of the service of the United States Postal Service and was an invitee.

V.

On July 25, 2017, the Plaintiff, Clark Bush, injured his arm and hand while he was opening a door for a woman who was entering the post office. The automatic closer on the door was damaged or broken and pushed the Plaintiff's arm back on to a machine screw that was exposed on the door, slamming on the Plaintiff's arm causing severe nerve damage to the Plaintiff's arm and hand.

VI.

That the door which injured the Plaintiff was improperly secured, constructed, maintained, and provided no warning by the Defendant.

VII.

That as a result of the above, Plaintiff suffered severe injuries to his arm and hand, including radial nerve damage which has caused a loss of movement and use of his right hand.  Plaintiff was also caused to suffer loss of mobility, loss of strength and use of his arm and hand, loss of enjoyment of life, loss of earning capacity, and other such ways as discovery and trial shall prove.  That as a result, Plaintiff has and in the future will have to expend money for medical services and expenses and has and will undergo much pain and suffering, loss of enjoyment of life, has and will lose money in the nature of wage earnings and earning capacity and has and will have permanent impairment and disability all as a direct and proximate result of Defendant's acts and/or omissions.

## FOR A FIRST CAUSE OF ACTION
### (Negligence)

VIII.

Allegations contained in paragraphs I through VII above are incorporated by reference.

IX.

Defendant United States Postal Service had a duty to follow the appropriate local, state and federal building codes and safety regulations in constructing and maintaining said door.  That the Defendant owed a duty of care and responsibility to maintain safe ingress and egress to maintain a door and entrance that was free of hazards and to not cause or create a dangerous door and entryway for the Plaintiff and other consumers of the United States Postal Service.  The Plaintiff was in a class of people that these statutes and regulations were designed to protect.  The Defendant was negligent and negligent per se in failing to comply with these statutes and regulations.  As a direct and proximate

3

result of Defendant's failure to adhere to these statutes, rules and regulations, Plaintiff has suffered injuries and damages as set forth above.

X.

That said door was unreasonably dangerous and the Defendant knew or should have known of such conditions.

XI.

That the Plaintiff would show that at the time and place above mentioned that the Defendant by and through the acts and omissions of it agents, servants, and subcontractors was willful, wanton, careless, negligent, and grossly negligent in the following particulars:

  a) in failing to provide a safe door and entry way so constructed, placed, or operated as to not be dangerous and hazardous;

  b) in failing to use due care in constructing, maintaining, and installing the door;

  c) in violating codes of the Occupational Safety and Health Administration regulations and other codes and standards;

  d) in failing to do what a reasonable and prudent person or entity/business would have done under the same or similar circumstances;

  e) failing to give proper warning to the customer of the unreasonably dangerous conditions of the door;

  f) failing to give proper instructions to those entering or exiting the building;

  g) in failing to warn of the risk of using said door which was unreasonably dangerous in nature, particularly when improperly assembled, maintained, and installed;

  h) in failing to properly inspect the building, the door, and the entry way;

  i) in failing to properly supervise construction, assembly, and installation and maintenance;

j) in assigning employees to assemble, construct, install and maintain the door who were not qualified.

That the Plaintiff would show that the above acts and /or omissions were the direct and proximate cause of injuries and damages sustained by the Plaintiffs herein. All such acts and/or omissions being in violation of the statutory, regulatory, and Common Laws of the state of South Carolina and the United States of America.

XII.

That the Plaintiffs are informed and believes that he is entitled to a judgment against the Defendant for actual and punitive damages to be determined by the trier of fact in this case.

**FOR A SECOND CAUSE OF ACTION**
**(Loss of Consortium)**

XIII.

Plaintiff restates and re-alleges each and every paragraph pled herein as if repeated verbatim.

XIV.

As a direct and proximate result of the Plaintiff Clark Bush's injuries and damages and the acts and/or omissions of the Defendant as stated hereinabove, Plaintiff Doris Bush has and will in the future continue to suffer the loss of Clark Bush's aid, comfort, society, services, love, affection, and consortium.

XV.

As a result, Plaintiff is entitled to an award of actual, special and punitive damages in an amount to be determined by a jury.

WHEREFORE, the Plaintiffs pray for judgment against the Defendant for the above cause of action, for both actual and punitive damages in an amount to be determined by the trier of fact of this case, for the costs and disbursements of this action and for such other and further relief as the Court may deem just and proper.

The Plaintiff requests a jury trial.

                Respectfully Submitted,

                CHRISTIAN & DAVIS

                *s/ Joshua D. Christian*
                Joshua D. Christian
                S.C. Bar No.: 73820
                Attorney at Law
                1007 East Washington Street
                Post Office Box 332
                Greenville, South Carolina 29602
                (864) 232-7363

Greenville, South Carolina
Date: 01/31/2019